In the Matter of FREDERICK J. MIX, an Attorney, Appellant.

DANIEL J. O'MARA, District Attorney, Respondent.

Argued March 25, 1937; decided April 27, 1937.

*Paul Folger, Charles S. Wilcox* and *William Johns* for appellant. The Appellate Division erred in finding that the relationship of attorney and client existed between the complainant and appellant. (*Shultz* v. *Hoagland*, 85 N. Y. 464; *Lopez* v. *Campbell*, 163 N. Y. 340; *People* v. *Galbo*, 218 N. Y. 283.) The Appellate Division erred in finding that the money collected from the maker of the note belonged to Stockwell, and that appellant, in failing

to turn it over to Stockwell, rendered himself amenable to discipline. (*Matter of Bailey* v. *Rutherford*, 242 N. Y. 220.) The appellant has been found guilty and disciplined in the Thomas matter for an offense not charged or proved. (*Matter of Eldridge*, 82 N. Y. 161; *Matter of Metcalfe*, 247 App. Div. 178.)

*Daniel J. O'Mara, District Attorney* (*Stephen K. Pollard* of counsel), respondent. The Appellate Division was not in error in finding that the relationship of attorney and client existed between Stockwell and the appellant. (*Matter of Young*, 188 App. Div. 538.) The court did not err in finding appellant guilty of professional misconduct in the Thomas matter. (*Matter of Horovitz*, 228 App. Div. 484; *Matter of Kohler*, 240 App. Div. 501.)

*Per Curiam.* After an examination of the evidence we find that the charge regarding the Stockwell loan is not sustained by the evidence. It appears that Stockwell treated Mix as a debtor from whom money was due on his note. Mix was not acting as attorney, and the relationship was that of debtor and creditor. He, therefore, should not be charged with unprofessional conduct as an attorney. The findings of the Appellate Division in this respect should be reversed and the charge dismissed.

As to the other charge, however, the retention of money paid by Joseph Thomas to satisfy a judgment, we cannot say that there is no evidence to sustain the findings of the Appellate Division. We remit the matter to the Appellate Division to determine whether disciplinary action should follow from that charge.

The order should be reversed and the matter remitted to the Appellate Division in accordance with this opinion.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur; RIPPEY, J., taking no part.

Order reversed, etc.